IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| BRIGADIER GENERAL CATHERINE JORGENSEN, | Case No. 3:15-cv-00003-RRB |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO REMAND AT DOCKET 16** |
| vs. | |
| STATE OF ALASKA; STATE OF ALASKA DEPARTMENT OF MILITARY and VETERANS AFFAIRS; and BRIGADIER GENERAL LEON M. BRIDGES, | |
| Defendants. | |

## I. PENDING MOTION/BACKGROUND

Plaintiff Brigadier General Catherine Jorgensen filed this action in the Alaska Superior Court. Defendants State of Alaska, Alaska Department of Military and Veterans Affairs, and Brigadier General Leon M. Bridges removed it to this Court.[1] At **Docket 16** Plaintiff has moved to remand this matter to the state courts. Defendants have opposed the motion[2] and

---

[1] Docket 1. The Court notes that in so doing, the State has waived its Eleventh Amendment immunity. *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 620 (2002); *Embury v. King*, 361 F.3d 562, 566 (9th Cir. 2004); *Stewart v. North Carolina*, 393 F.3d 484, 488 (4th Cir. 2005).

[2] Docket 19.

Plaintiff has replied.[3] The Court has determined that oral argument would not materially assist in resolving the issue presented. Accordingly, the matter is submitted for decision on the moving and opposing papers without oral argument.[4]

Plaintiff is a dual-status employee: a Brigadier General in the Alaska National Guard ("ANG") and a full-time federal civil technician. On October 20, 2014, the Governor ordered BG Bridges to remove Plaintiff from her National Guard position, which order BG Bridges carried out. On October 24, 2014, due to her removal from her military assignment, the Human Resources Officer of the Departments of the Army and Air Force issued a termination of Plaintiff's civilian military reserve technician position. Plaintiff challenged these actions. On November 19, 2014, the original termination notice was revised and discussions/negotiations between Plaintiff and the State followed. These discussions/negotiations were unfruitful, and Plaintiff was notified that she would be removed from her position effective December 31, 2014.

On December 30, 2014, Plaintiff initiated this Action in the Alaska Superior Court, Third Judicial District alleging that removal from her positions violated due process and was not in accordance with state and federal law.[5] In her Complaint Plaintiff seeks a temporary restraining order and preliminary injunction prohibiting Defendants from removing her from her positions. On December 31, 2014, the Alaska Superior Court issued a Temporary Restraining

---

[3] Docket 21.

[4] D.Ak LR 7.2(a)(3).

[5] *Jorgensen v. Alaska*, Case No. 3AN-14-11030 CI.

Order enjoining termination of Plaintiff pending a preliminary injunction hearing. On January 8, 2015, Defendants removed this action to this Court.

## II. ISSUE PRESENTED/APPLICABLE LAW

The sole question presented by the motion is whether or not this Court has subject-matter jurisdiction over the controversy. It is axiomatic that Federal courts possess only that power authorized by Constitution and statute, which may not be expanded by judicial decree. It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting jurisdiction.[6] Subject-matter jurisdiction can be neither waived nor conferred by consent.[7] Furthermore, any order or judgment entered by a court lacking subject matter jurisdiction is a nullity and void.[8]

Removal is proper if the action is one over which this Court would have original jurisdiction.[9] Subject-matter jurisdiction is conferred on this Court if one of two conditions exist: (1) a diversity of citizenship between the parties;[10] or (2) the case arises under the Constitution, laws or treaties of the United States.[11] There being present no diversity of

---

[6] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

[7] *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 26 (1989), *overruled on other grounds by Seminole Tribe v. Florida*, 517 U.S. 44 (1996); *United States v. Luong*, 627 F.3d 1306, 1310 (9th Cir. 2010).

[8] *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004).

[9] 28 U.S.C. § 1441(a).

[10] 28 U.S.C. § 1332.

[11] 28 U.S.C. § 1331.

citizenship, subject-matter jurisdiction in this case lies with this Court only if the case involves a question of federal law. The Ninth Circuit has stated the federal-question requirements as:

> Federal courts may exercise federal-question jurisdiction over an action in two situations. First, and most commonly, a federal court may exercise federal-question jurisdiction if a federal right or immunity is an element, and an essential one, of the plaintiff's cause of action. Thus, the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must be disclosed upon the face of the complaint, unaided by the answer. Second, a federal court may have such jurisdiction if a state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities. Such a federal issue must be a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.[12]

If this Court has federal-question jurisdiction in this case, to the extent that resolution involves issues of state law, it may exercise supplemental jurisdiction over those claims.[13]

## III. DISCUSSION

In seeking remand, Plaintiff raises three basic arguments: (1) BG Bridges is not a federal employee; (2) the complaint is not a "civil action" under 28 U.S.C. § 1442; and (3) the complaint does not assert a federal claim governed by 28 U.S.C. § 1441. It is undisputed that in her capacity as a member of the ANG Plaintiff is a state employee.[14] It is likewise undisputed that Plaintiff's continued employment as a federal technician is dependent upon

---

[12] *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086–87 (9th Cir. 2009) (internal quotation marks, alterations, and citations omitted).

[13] 28 U.S.C. § 1367(a); 1441(c).

[14] That is, at the time of Plaintiff's termination, the Alaska National Guard had not been "federalized."

her continued service as a member of the ANG, i.e., her removal as a member of the ANG automatically results in the simultaneous termination of her federal employment.

Initially, this Court finds somewhat perplexing the effect of Plaintiff's "agreement" to dismiss BG Bridges as a defendant. Plaintiff argues that dismissal of BG Bridges "would require remand back to the state court since the only claim is against the State of Alaska."[15] BG Bridges is being sued in his capacity as the acting Adjutant General, not in his individual capacity. It is well-settled that "a suit against a state official in his or her official capacity . . . is no different from a suit against the state itself."[16] Moreover, jurisdiction of this Court is predicated upon the existence of a federal question, not on status of the defendants.[17] Thus, the presence or absence of BG Bridges as a defendant has no effect on the jurisdiction of this Court.

Likewise, the Court finds Plaintiff's argument that this not a "civil action" specious. The relief sought is injunctive, i.e., precluding termination of Plaintiff as a member of the ANG and its necessarily concurrent effect of removing her from her federal position as a technician.

---

[15] Plaintiff's Motion to Remand, Docket 16, p. 22, n. 58.

[16] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (stating that an official capacity claim is "another way of pleading an action against an entity of which an officer is an agent.") (internal quotation marks and citation omitted)).

[17] *Estate of Himsel v. State*, 36 P.3d 35 (Alaska 2001) relied upon by Plaintiff is inapposite. Federal jurisdiction in *Himsel* rested upon the Federal Tort Claims Act claim against a federal employee. Plaintiffs voluntarily dismissed their claims against the federal employees, eliminating the federal question, and the case was remanded to the state court. In this case, removing BG Bridges, standing alone, does not necessarily eliminate the federal question.

Injunctive relief is inherently civil in nature.[18] Furthermore, the gravamen underlying Plaintiff's claim is that her termination was wrongful, also a civil, not criminal, action.

Plaintiff argues that in her action she is challenging solely her dismissal as Land Component Commander of the ANG, not her dismissal as a federal technician. This argument is directly contrary to the allegations of her complaint. In her Complaint, Plaintiff alleges: "By virtue of the procedural safeguards against adverse actions provided by *federal and Alaska law*, BG Jorgensen has a legitimate expectation that no adverse action would be taken against her without due process."[19] In her Prayer for Relief Plaintiff requests that the "Court enter an injunction pursuant to Alaska Civil Rule 65(a) that prohibit defendants from temporarily or permanently removing BG Jorgensen from *her positions* without due process, and in accordance with Alaska and Federal law."[20] It is undisputed that Plaintiff's continued federal employment as a technician is dependent upon her holding a position in the ANG: the two are inextricably intertwined. How, as Plaintiff asserts, her Complaint does not raise a question of federal law is both unexplained and inexplicable.

At the heart of this case is 32 U.S.C. § 709, which provides in relevant part:

(a) Under regulations prescribed by the Secretary of the Army or the Secretary of the Air Force, as the case may be, and subject to subsections (b) and (c), persons may be employed as technicians in—
    (1) the organizing, administering, instructing, or training of the National Guard;

\* \* \* \*

---

[18] *See* Fed. R. Civ. P. 65;

[19] Complaint for Injunctive Relief, Docket 1-1, p. 11 (emphasis added).

[20] *Id.* (emphasis added).

(b) Except as authorized in subsection (c), a person employed under subsection (a) must meet each of the following requirements:

    (1) Be a military technician (dual status) as defined in section 10216(a) of title 10.

    (2) Be a member of the National Guard.

    (3) Hold the military grade specified by the Secretary concerned for that position.

    (4) While performing duties as a military technician (dual status), wear the uniform appropriate for the member's grade and component of the armed forces.

(c)

    (1) A person may be employed under subsection (a) as a non-dual status technician (as defined by section 10217 of title 10) if the technician position occupied by the person has been designated by the Secretary concerned to be filled only by a non-dual status technician.

    (2)The total number of non-dual status technicians in the National Guard is specified in section 10217(c)(2) of title 10.

\* \* \* \*

(e) A technician employed under subsection (a) is an employee of the Department of the Army or the Department of the Air Force, as the case may be, and an employee of the United States. However, a position authorized by this section is outside the competitive service if the technician employed in that position is required under subsection (b) to be a member of the National Guard.

(f) Notwithstanding any other provision of law and under regulations prescribed by the Secretary concerned—

    (1) a person employed under subsection (a) who is a military technician (dual status) and otherwise subject to the requirements of subsection (b) who—

        (A) is separated from the National Guard or ceases to hold the military grade specified by the Secretary concerned for that position shall be promptly separated from military technician (dual status) employment by the adjutant general of the jurisdiction concerned; and

        (B) fails to meet the military security standards established by the Secretary concerned for a member of a reserve component under his jurisdiction may be separated from employment as a military technician (dual status) and concurrently discharged from the National Guard by the adjutant general of the jurisdiction concerned;

    (2) a technician may, at any time, be separated from his technician employment for cause by the adjutant general of the jurisdiction concerned;

(3) a reduction in force, removal, or an adverse action involving discharge from technician employment, suspension, furlough without pay, or reduction in rank or compensation shall be accomplished by the adjutant general of the jurisdiction concerned;

(4) a right of appeal which may exist with respect to paragraph (1), (2), or (3) shall not extend beyond the adjutant general of the jurisdiction concerned; and

(5) a technician shall be notified in writing of the termination of his employment as a technician and, unless the technician is serving under a temporary appointment, is serving in a trial or probationary period, or has voluntarily ceased to be a member of the National Guard when such membership is a condition of employment, such notification shall be given at least 30 days before the termination date of such employment.

The Court has considered the other arguments raised by Plaintiff and finds them to be either unpersuasive or without merit.

## IV. CONCLUSION/ORDER

This Court has federal question jurisdiction over this action, and its removal was proper. Accordingly, Plaintiff's Motion to Remand at **Docket 16** is hereby **DENIED**.

**IT IS SO ORDERED** this 21st day of January, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE